542

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JULIANN F. ELLIOTT, Defendant-Appellee.

Second District No. 2—86—0552

Opinion filed November 18, 1987.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Kathryn E. Creswell, Assistant State's Attorneys, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), the State appeals from an order of the circuit court of Du Page County suppressing evidence seized by the police when defendant was stopped for a traffic violation on February 20, 1986. The court ruled prior to allowing the State to complete cross-examination

and prior to allowing the State to present any defense. We reverse.

■■ Defendant has not filed an appellee's brief. Nevertheless, the record is simple, and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief. Therefore, we choose to address the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

Defendant filed a motion to suppress evidence charging that the arresting officer did not have probable cause to arrest defendant, and thus, violated defendant's fourth amendment right to be secure against unreasonable search and seizure.

A hearing on the motion to suppress was held. Defendant called as her first witness Officer Patrick Nevison of the Woodridge police department. Officer Nevison testified that he has been employed for seven years and on February 20, 1986, he was assigned to the tactical unit. As a member of the tactical unit, his duties included the service of process.

The vehicle driven by defendant turned directly in front of Officer Nevison's unmarked squad car. The two vehicles proceeded southbound in the same lane of traffic, and the officer was approximately one car length behind the defendant. Upon observing the vehicle's registration, Officer Nevison recognized the vehicle to be registered to a black female named Esmarie Elliott, for whom there was an outstanding warrant. On the day immediately preceding these occurrences, Officer Nevison observed the same vehicle and at that time found it to be registered to Esmarie Elliott. When the officer again observed the vehicle on April 20, 1986, he verified through the dispatcher that the warrant for Esmarie Elliott was still outstanding. The officer determined that a black female was driving the vehicle.

Defendant stopped in a shopping plaza, and upon exiting a liquor store she was approached by the officer. He identified himself and requested the defendant to produce a driver's license. Defendant tendered a driver's license with her picture on it and the name Juliann Elliott. Officer Nevison then ran a check on the driver's license through the dispatcher of the Woodridge police department. The court, having heard the direct and part of the cross-examination of defendant's first witness, prevented the prosecutor from inquiring further of the witness and granted defendant's motion to suppress evidence stating, "I think the motion to suppress should probably be granted."

The trial court believed that once the officer saw defendant's driver's license and saw that the name thereon was not the name of the person for whom the warrant had issued, the officer was precluded

from any further inquiry or investigation.

The prosecutor argued that if she were permitted to continue her cross-examination of the officer it might become apparent that defendant used alias names, and that the officer could only have learned that information by further inquiry. The court, however, refused to allow the State to proceed either with cross-examination or with its own case. The State filed a notice of appeal and certificate of impairment. This appeal followed.

When the motion was called for hearing the prosecutor and defense attorney discussed the parameters of evidence to be presented. The court then stated, "[s]o, we are talking about probable cause for the arrest and everything up until the arrest."

During cross-examination of the arresting officer, whom the defense had called as a witness, the State was examining him concerning the events after the stop and prior to the arrest. Defense objected. A colloquy followed, and the court said, "Well, I think the motion to suppress should probably be granted." The State objected to not having finished cross-examination. The trial judge's further comments indicate that the court had made up its mind, and the motion to suppress was then granted. The court stated, "I'm inclined to agree with the defendant's argument in the case. Motion to Suppress will be granted."

The State asked if it could not finish cross-examination or argue the State's position. The trial court responded, "I think the defendant's right to object at this point should be granted and terminate the proceedings at this point should be granted." There followed a colloquy of the State persistently seeking to proceed and the judge stating why it would do no good.

This court is presented with one issue: whether the trial court should grant a motion to suppress evidence prior to the defendant's having rested and prior to allowing the State to present any evidence.

■ In conducting a hearing on a motion to suppress evidence, the court should be guided by section 114—12(b) of the Code of Criminal Procedure of 1963, which provides, in pertinent part:

> "The judge shall receive evidence on any issue of fact necessary to determine the motion." Ill. Rev. Stat. 1985, ch. 38, par. 114—12(b).

Fundamental to the concept of an adversary proceeding is that each side have the opportunity to cross-examine the other side's witnesses and present witnesses of its own. At a hearing on a motion to suppress evidence, the State has the right to present evidence. (*People v. Lane* (1982), 106 Ill. App. 3d 793, 798.) The right to present

evidence is a substantial right. (106 Ill. App. 3d at 798.) Were a trial court similarly to prevent a defendant from presenting his defense at trial, the resulting violation of due process would require reversal of a conviction. See *People v. McDaniels* (1986), 144 Ill. App. 3d 459.

■■ After careful consideration of the remarks of the court in context, we are persuaded that the State is entitled to further hearing. We believe that the trial judge's premature remarks and ruling denied the State a fair and impartial hearing. The heavy case load placed upon each judge requires expeditious handling of all matters, but the State does have a right to present evidence, and that right cannot be abridged no matter how well motivated.

Accordingly, the order of May 16, 1986, is vacated and the cause remanded for further hearing of defendant's motion to suppress evidence before a different judge, at which the State will be allowed to cross-examine and to offer the rebuttal testimony denied to it. The defendant may offer surrebuttal if she wishes to do so. The case will then proceed in the ordinary manner.

Reversed and remanded with directions.

LINDBERG, P.J., and UNVERZAGT, J., concur.